**Commonwealth v. Balliet**

*Amy Hallenback, assistant district attorney,* for the commonwealth.
*Ambrose Campana,* for defendant.

RAUP, *P.J.,* February 19, 1987—This matter is before the court on the commonwealth's motion to revoke bail. The commonwealth is seeking bail revocation because of defendant's refusal to comply with the conditions of release.

On January 12, 1987, defendant posted bail before District Justice James H. Sortman in the amount of $20,000 property bond. District Justice Sortman also imposed the following two conditions of release:

(1) To have no contact with the victim or witnesses involved in this case.

(2) To report to Mike Hamm for supervised bail on January 13, 1987, at 9:00 a.m.

By letter of January 14, 1987, defense counsel notified the district justice that he had advised his client not to report to Mr. Hamm because he believed the condition to be illegal. Thereafter, the commonwealth filed the instant motion to revoke bail.

Defendant contends that it is illegal to require defendant to report for supervised bail where property bail has also been established. Defendant's argument is that there are seven different types of bail which are available to assure that defendant will ap-

pear when the court requires his presence; thus, when defendant has given adequate assurance of his future appearance by posting one type of bail, the court lacks the authority to require another type of bail. However, the court finds that the requirement that defendant report for supervised bail was a proper condition of release pursuant to Pa.R.Crim.P. 4013, which provides in part:

"When a person is admitted to bail, the conditions of the bail bond shall be such that such person will:

". . . (d) comply with any specific requirements of release which may be reasonably imposed by the issuing authority or court to assure compliance with the conditions of bail, such as satisfactory participation in a designated program;

". . . (f) Obey such other conditions as the issuing authority or court may impose, or any reasonable conditions as the court bail agency or other designated court bail officer may impose with leave of court."

Since the court finds that the imposition of supervised bail as a condition of release was authorized under Pa.R.Crim.P. 4013, and it is undisputed that this condition was violated by defendant, we shall grant the commonwealth's motion to revoke bail.

## ORDER

And now, this February 19, 1987, for the reasons set forth in the foregoing opinion, the commonwealth's motion to revoke bail is hereby granted. Defendant shall be brought before the court for a further proceeding where increased bail will be set unless he should agree to submit to the conditions of supervised bail.